STEVEN T. GUBNER – State Bar No. 156593
ROBYN B. SOKOL - State Bar No. 159506
DANIEL H. GILL - State Bar No. 156045
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Emails: sgubner@ebg-law.com;
rsokol@ebg-law.com; dgill@ebg-law.com

Special Counsel for Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| | Adv. Case No. |
| Debtor. | **COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 548(a), 550 and 502** |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Date: [To Be Set by Summons]<br>Time:<br>Place: |
| v. | |
| BIJAN NAHAI, an individual, | |
| Defendant. | |

Plaintiff Bradley D. Sharp ("Plaintiff"), the Chapter 11 Trustee for the Estate of Namco Capital Group, Inc., a California corporation (the "Debtor"), alleges as follows:

## NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to Bijan Nahai

("Defendant") and related relief. Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 547 and/or 548 and recovering the transfers pursuant to 11 U.S.C. § 550, and disallowing any claim of the Defendant including pursuant to 11 U.S.C. § 502(d) until Defendant pays the transfers at issue in full to Plaintiff.

2.  To the extent that the Defendant has filed a proof of claim or has a claim listed on Debtor's schedules as undisputed, liquidated and non-contingent, or has otherwise requested payment from Debtor (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason, including, but not limited to Section 502(a) through (j) of the Bankruptcy Code ("Section 502"), and such rights are expressly reserved. Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by Plaintiff herein as further stated below.

3.  The Plaintiff also reserves his right to bring additional claims for relief including additional avoidance actions against Defendant. This Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to bring such additional claims for relief against Defendant in this action or by way of separate action.

## JURISDICTION AND CASE BACKGROUND

4.  The within bankruptcy case was commenced on or about December 22, 2008 (the "Petition Date"), when an involuntary petition was filed for relief under Chapter 11 of Title 11 of the United States Code (the "Code"), Bankruptcy Case No. 2:08-bk-32333-BR, which case currently is pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California. An Order for Bankruptcy Relief was entered on January 29, 2009. On or about May 8, 2009, Plaintiff Bradley D. Sharp was appointed the Chapter 11 Trustee. Plaintiff is the duly appointed, qualified and acting Chapter 11 Trustee for the Debtor's bankruptcy estate.

5.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

6. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

7. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (O).

## THE PARTIES

8. Plaintiff brings this action solely in his capacity as the Chapter 11 Trustee for the Debtor's estate.

9. Plaintiff is informed and believes, and based thereon alleges that defendant Bijan Nahai is, and at all times herein mentioned was, an individual residing in the Central District of California.

10. Plaintiff is informed and believes, and based thereon alleges, that the Defendant is a close personal friend of Ezri Namvar ("Namvar"). Namvar was the President, sole Director and sole Shareholder of the Debtor and controlled the Debtor in all respects. Because of Defendant's special relationship with Namvar and Namvar's position with the Debtor, Defendant is an insider of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or is a nonstatutory insider pursuant to applicable bankruptcy case law.

11. Defendant and the Debtor had a personal and/or professional and/or business relationship that was sufficiently close enough for Defendant to gain an advantage attributable to affinity. Defendant is therefore an insider of the Debtor based on the statutory and/or nonstatutory definitions.

## GENERAL ALLEGATIONS

12. Plaintiff is informed and believes, and based thereon alleges that prior to the Petition Date, the Debtor had been in business for approximately 20 years. Debtor's general business model was relatively simple and straightforward - Debtor would borrow money from individuals ("Lender Funds"), most often members of the West Los Angeles Persian community (individually hereinafter referred to as a "Namco Lender"), agree to pay such Namco Lender a

fixed rate of return, and the Debtor would then either lend those funds to third parties, at interest rates typically six percent or more higher than the cost of capital payable to the Namco Lender, or invest such funds in various real estate projects.

13. Section 101(54) of the Code applicable to this case defines the term "transfer" as "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property."

14. Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to the Defendant totaling $308,208.33, as more fully set forth on **Exhibit "A"** attached hereto and incorporated herein by this reference (the "Transfers").

## FIRST CLAIM FOR RELIEF

[To Avoid and Recover Preferential Transfers]

[11 U.S.C. §§ 547 and 550]

15. Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 14, inclusive, of this Complaint.

16. Plaintiff is informed and believes, and based thereon alleges, that each of the Transfers constituted a transfer of property of the Debtor to the Defendant. Plaintiff further is informed and believes, and based thereon alleges, that each Transfer constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

17. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made to or for the benefit of the Defendant as a creditor of the Debtor.

18. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made for or on account of an antecedent debt owing by the Debtor to the Defendant before the Transfers were made.

19. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Transfers while the Debtor was insolvent.

20. Plaintiff is informed and believes, and based thereon alleges, that the Defendant is an insider of the Debtor.

21. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made to Defendant within one year prior to the Petition Date.

22. Plaintiff is informed and believes, and based thereon alleges, that the Transfers enabled the Defendant, as a creditor, to receive more than it would have received if the Transfers had not been made and Defendant was to receive payment on its claim only to the extent provided by Chapter 7 of the Code.

23. For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the Transfers.

24. Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred under the Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Transfers, in a sum according to proof, which Plaintiff believes not to be less than $308,208.33.

### SECOND CLAIM FOR RELIEF

[To Avoid and Recover Fraudulent Transfers]

[11 U.S.C. §§ 548 and 550]

25. Plaintiff pleads this Second Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 24 hereof with the same force and effect as if fully set forth herein at length. Plaintiff brings the Second Claim for Relief in the event that Defendant asserts that one or more of the Transfers was not made on account of antecedent debt.

26. Each of the Transfers constituted a transfer of an interest of the Debtor in property.

27. The Debtor: (i) was insolvent on the date that the Transfers were made, or became insolvent as a result of such Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

28. As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the Transfers pursuant to Section 548 of the Code.

29. Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred under the Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Transfers, in a sum according to proof, which Plaintiff believes not to be less than $308,208.33.

### THIRD CLAIM FOR RELIEF

[Claim Disallowance]

[11 U.S.C. § 502]

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 hereof with the same force and effect as if fully set forth herein at length.

31. Defendant is a transferee of transfers avoidable under either Section 547 or Section 548 of the Code and an entity from whom property is recoverable under Section 550 of the Code.

32. Defendant has not paid the amount of the Transfers for which Defendant is liable under Section 550 of the Bankruptcy Code.

33. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Plaintiff and/or Debtor's estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

34. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Plaintiff and/or Debtor's estates previously allowed by the Debtor or the Plaintiff, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For a judgment that the Transfers are avoidable as preferential transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $308,208.33, the exact amount to be proven at trial, plus interest at the legal rate from the date of the Transfers;

2. For a judgment that the Transfers are avoidable under 11 U.S.C. § 548 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $308,208.33, the exact amount to be proven at trial, plus interest at the legal rate from the date of the Transfers;

3. Disallowing Defendant's Claims against the Debtor;

4. For costs of suit incurred herein; and

5. For such other relief as the Court deems just and proper.

DATED: January 26, 2011            **EZRA BRUTZKUS GUBNER LLP**

By: _____
ROBYN B. SOKOL
DANIEL H. GILL
Special Counsel for Bradley D. Sharp,
Chapter 11 Trustee

**Bankruptcy Estate of Namco Capital Group**
1-Year Preference Analysis
323.02 · Nahai, Bijan

| Item # | Type  | Date     | Check Number | Disbursement |
|--------|-------|----------|--------------|--------------|
| 1      | Check | 07/03/08 | 54292        | $ 300,000.00 |
| 2      | Check | 08/31/08 | 38998        | 2,916.67     |
| 3      | Check | 09/04/08 | 54806        | 3,208.33     |
| 4      | Check | 09/29/08 | 54965        | 2,083.33     |
|        |       |          |              | $ 308,208.33 |

**EXHIBIT "A"**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| ROBYN B. SOKOL - SBN 159506<br>DANIEL H. GILL - SBN 156045<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: 818-827-9000<br>Facsimile: 818-827-9099<br>Emails: rsokol@ebg-law.com; dgill@egb-law.com<br><br>*Attorney for Plaintiff* Bradley D. Sharp, Chapter 11 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER  2:08-bk-32333-BR<br><br>ADVERSARY NUMBER |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee,<br>Plaintiff(s),<br><br>vs.<br><br>BIJAN NAHAI, an individual,<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☐ 255 East Temple Street, Los Angeles      ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills      ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*     **F 7004-1**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> BRADLEY D. SHARP, CHAPTER 11 TRUSTEE | **DEFENDANTS** <br> BIJAN NAHAI, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Robyn B. Sokol (SBN 159506) <br> Ezra Brutzkus Gubner LLP <br> 21650 Oxnard Street, Suite 500 <br> Woodland Hills, CA  91367 <br> (818) 827-9000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> [ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin <br> [ ] Creditor  [ ] Other <br> [X] Trustee | **PARTY** (Check One Box Only) <br> [ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin <br> [ ] Creditor  [X] Other <br> [ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 548(a), 550 and 502

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law
[ ] Check if a jury trial is demanded in complaint

[ ] Check if this is asserted to be a class action under FRCP 23
Demand  $ 308,208.33

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>NAMCO CAPITAL GROUP, INC., a California corporation | BANKRUPTCY CASE NO.<br>2:08-bk-32333-BR | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. BARRY RUSSELL | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Robyn B. Sokol | | | |
| DATE<br>January 26, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ROBYN B. SOKOL | | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.